No. 106

STATE ex SIMON v. CORIELL

Ohio. Appeals, 6th Dist., Wood Co.

No. 338. Decided Dec. 8, 1924

1157. TAXES—Reappraisement proceedings held proper.

CHITTENDEN, J.

### Epitomized Opinion

Published only in Ohio Law Abstract

Simon, the relator, brought an action as a citizen and taxpayer of Wood county, seeking to restrain Coriell and others from proceeding with a general appraisement of the real estate in Wood county. The petition alleged that the county auditor, in pursuance to statutory duties, found that the real estate in Wood county stood upon the tax duplicate at its true value in money in the aggregate. The county commissioners ordered a reappraisal and in pursuance thereto the county auditor employed extra assistants, but claimed that the tax commission had not made an order requiring a general appraisement and was therefore illegal. A demurrer was filed to the petition, which was sustained by the lower court. Appeal was then prosecuted. In dismissing the petition, the court of appeals held:

As the petition failed to show any disregard of the requirements of the statute, with reference to the manner of assessing the property, the demurrer must be sustained.

Attorneys—Frank A. Baldwin and Earl D. Bloom, for Simon; Ray D. Avery and H. H. Griswold, for Coriell; all of Bowling Green.

---

No. 107

BROWN et v. BROWN

Ohio Appeals, 6th Dist., Wood Co.

No. 337. Decided Jan. 19, 1924

19. ACCOUNTING—Loan to individual in good financial standing, who later becomes insolvent; by administrator of estate, does not exempt him from liability to estate.

YOUNG, J.

### Epitomized Opinion

Published only in Ohio Law Abstract

This action was begun in the Wood Common Pleas on a petition for partition of certain real estate and for an accounting. An amended petition filed later disclosed that Alexander S. Brown died intestate, leaving a widow. James E. Brown, bachelor, died intestate. Plaintiffs and defendants are the only heirs of Alexander Brown, and Frank Brown one of the plaintiffs is the duly appointed administrator of the estate of James Brown, deceased.

Plaintiffs herein claim that Carl Brown acted as agent and collected rents from a farm left by Alexander Brown. Carl Brown alleged that he had charge of operation of lands at request of his mother, brothers, and sisters; paying various items of indebtedness, and loaning balance of funds on hand, taking promissory notes for them; and has been ready at all times to deliver said notes to parties entitled thereto.

The evidence showed that Carl Brown had loaned to Milo Brown, $1500 out of the funds of the estate taking promissory notes in exchange. The notes being unpaid, plaintiffs herein contend that they belong to the estate and Carl Brown should be held responsible for them, Milo Brown being insolvent.

Carl Brown avers that he acted in good faith and should therefore be released from an accounting. The Court of Appeals held:

1. The power of attorney given Carl Brown to collect, draw, pay out and disburse any and all monies, funds, credits, rights, and other choses in action—did not give him the latitude and authority to loan such money as described above.

2. Carl Brown is chargeable and accountable to the estate of Alexander Brown, deceased for $1500, with 6% interest. Decree accordingly.

Attorneys—Earl D. Bloom, for plaintiffs; E. M. Fries, for defendant; both of Bowling Green.